UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association,<br><br>         Plaintiff,<br><br>v.<br><br>MARKEN ENTERPRISE, LLC, an Arizona limited liability company, AND GARY MARKEN, an individual,<br><br>         Defendants. | Case No.: 3:17-cv-00091-GPC-NLS<br><br>**ORDER**<br><br>**(1) STAYING CASE PENDING RESOLUTION OF AUTOMATIC STAY RE: GARY MARKEN**<br><br>**(2) DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>**[ECF No. 7.]** |

  On July 31, 2017, Plaintiff BMO Harris Bank N.A. filed a motion for default judgment against Defendants Marken Enterprise, LLC and Gary Marken. (Dkt. No. 7.) A hearing has been scheduled for October 6, 2017 at 1:30 p.m. On August 21, 2017, Plaintiff filed a Notice of Automatic Stay Pursuant to 11 U.S.C. § 362 to inform the court that Gary Marken ("Debtor") had filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code ("Petition"). (Dkt. No. 8.) This Petition is currently pending in the United States Bankruptcy Court for the District of Arizona in Case Number 2:17-bk-08563-MCW.

Pursuant to 11 U.S.C. § 362(a), an automatic stay is applicable to actions and legal proceedings against the Debtor, including in this instant case, until further order from the Bankruptcy Court. An automatic stay precludes the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commence of the case under [the Bankruptcy title], or to recover a claim against the debtor that arose before the commencement of the case under this title." Once a discharge is granted in a Chapter 7 bankruptcy, a stay issued pursuant to § 362(a) is lifted. 11 U.S.C. § 362(c)(2)(C).

Pursuant to 11 U.S.C. § 362, the filing of the bankruptcy petition operates as an automatic stay only as to Defendant Gary Marken. *See* 11 U.S.C. § 901(a). Section 362 does not stay this action as to the non-bankrupt defendant, Marken Enterprise, LLC. *See Ingersoll-Rand Financial Corp. v. Miller Mining Co. Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants.") Plaintiff has not expressed a view as to whether the stay should apply to Marken Enterprise, LLC. *See* (Dkt. No. 8.)

Courts have found that the automatic stay may apply to non-debtor entities under the "unusual circumstances" exception. *See Zurich Amer. Ins. Co. v. Trans Cal Associates,* 2011 WL 6329959, at *2–3 (E.D.Cal. Dec.16, 2011) (explaining the "unusual circumstances" exception and ultimately staying the action as to non-bankrupt co-defendants pursuant to the court's inherent authority). "The courts have carved out limited exceptions [to the general rule that stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants] where: (1) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,' or (2) extending the stay against codefendants

'contributes to the debtor's efforts of rehabilitation.'" *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1491 n. 3 (9th Cir.1993). *See also Queenie, Ltd. V. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir.2003) (staying the proceedings as to non-debtor corporation co-defendant that was wholly owned by debtor because the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate"). The Court observes that the instant case is a prime candidate for the "unusual circumstances" exception because (1) there is significant identity between the Debtor and co-defendant and because (2) Debtor serves as a guarantor for the loan undertaken by Marken Enterprise LLC that is the subject of this instant action and the claim against the LLC will have an "adverse economic consequence" for his estate. *See* Compl. ¶ 2-3 (stating that Marken Enterprise LLC's sole and Managing Member is Gary Marken and that Marken is the guarantor of the obligations owed by Marken Enterprise LLC in this lawsuit); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (finding that claims that "establish an obligation of which the debtor is a guarantor" constitute unusual circumstances to warrant an extension of automatic stay to a non-debtor).

However, even if such an exception applied, the weight of authority holds that the bankruptcy court must extend the automatic stay, not the district court. *See Zurich*, 2011 WL 6329959, at *2 (citing *Placido v. Prudential Ins. Co. of Am.,* No. c09-00668-WHA, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010). *See also Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009). Consequently, the Court will not and cannot stay the instant action as to Marken Enterprise LLC pursuant to the automatic stay provisions of Section 362.

However, the court will stay the action against Marken Enterprise LLC under its inherent authority since doing so would be judicially efficient and the fairest course for the parties. District courts faced with similar situations have pursued a similar course and exercised their inherent authority to stay matters as to a non-debtor party. *See J&J Sports Products Inc. v. Brar*, No. 2:09-cv-3394-GEB-EFB, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012) (ordering a stay as to claims against the debtor's LLC pursuant to inherent

authority pending resolution of the debtor's bankruptcy petition); *Zurich*, 2011 WL 6329959, at *2-3 (staying case against non-bankrupt co-defendants pursuant to inherent authority). In *J&J Sports*, Judge Brennan explained that default judgment should not be entered until the case is finally adjudicated as to all claims and all parties. *J&J*, 2012 WL 4755037, at *2. By permitting plaintiff to proceed against only the LLC, a "later trial of the claims against the individual defendant could involve the relitigation of most if not all of the issues litigated in the first proceeding against [the] LLC." *Id.* These same concerns of judicial economy and fairness to the parties are present in this instant case.

The Court concludes that a stay of Plaintiff's claims are appropriate, in the interest of judicial economy, and is permissible under the Court's inherent authority to manage its cases. *See SCI Northbay Commerce Fund 4, LLC v. SCI Real Estate Invs., LLC,* 2011 WL 1133898, at *1 (M.D. Fla. Mar.28, 2011). The court will therefore deny plaintiff's motion for default judgment without prejudice.

Accordingly it is HEREBY ORDERED that:

1. Plaintiff's Motion for Default Judgment is **DENIED** without prejudice as to its reassertion upon termination of the bankruptcy proceeding or an order granting relief from the automatic stay. The Court vacates the hearing set for October 6, 2017 at 1:30 p.m.
2. This action is stayed pending resolution of Defendant Gary Marken's bankruptcy petition, case number 2:17-bk-08563-MCW, filed July 25, 2017
3. The parties shall notify the court within fourteen days of the resolution of the bankruptcy proceeding
4. The Clerk of Court is instructed to administratively close this case, to be reopened after the conclusion of the bankruptcy proceedings upon written request and application of the parties and order of this court.

**IT IS SO ORDERED.**

Dated: September 14, 2017

Hon. Gonzalo P. Curiel
United States District Judge